1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7                                          Case No.  14-cv-02228-JCS
8
STEPHAN C. WILLIAMS,                        **ORDER RE PLAINTIFF'S MOTIONS**
9                                           **FOR LEAVE TO FILE MOTION FOR**
         Plaintiff,                         **RECONSIDERATION AND TO FILE**
10                                          **FIRST AMENDED COMPLAINT AND**
    v.                                      **DEFENDANT JPMORGAN CHASE**
11                                          **BANK, N.A.'S MOTION TO DISMISS**
CHASE BANK/JP MORGAN, N.A.,
12                                          Re: Dkt. Nos. 24, 25, 28
         Defendant.
13
14
15
16    **I.     INTRODUCTION**

17          Plaintiff Stephan Williams, proceeding in pro se, filed this action against multiple

18    Defendants, including Defendant JPMorgan Chase Bank, N.A. ("Chase"), in connection with the

19    foreclosure on his home.  The Court granted in forma pauperis status to Mr. Williams and

20    reviewed his complaint under 28 U.S.C. § 1915.  In an order filed October 17, 2014 ("the October

21    17 Order"), the Court dismissed all of Plaintiff's claims except a promissory estoppel claim

22    asserted against Chase, granting Plaintiff leave to amend as to the remaining claims within 45

23    days.  On December 5, 2014, after the deadline for filing an amended complaint had passed, the

24    Court dismissed the unamended claims with prejudice and ordered the Marshal to serve the

25    Complaint on Chase so that the claim against that Defendant could go forward.   On January 6,

26    2015, Mr. Williams filed two motions - one asking the Court to reconsider its dismissal with

27    prejudice of the unamended claims and the other seeking leave to file an amended complaint.  *See*

28    Docket Nos. 24-25 (collectively, "Plaintiff's Motions").  Subsequently, Chase filed a Motion to

1    Dismiss, Docket No. 30, asking the Court to dismiss the promissory estoppel claim.  All three

2    motions are currently pending before the Court.  A hearing was held on Friday, March 27, 2015 at

3    9:30 a.m.  Following the Motion hearing, Chase filed supplemental materials in support of the

4    Motion.  For the reasons stated below, Plaintiff's Motions are DENIED.  Defendant's Motion to

5    Dismiss is GRANTED in part and DENIED in part.

6    **II.      PLAINTIFF'S MOTIONS**

7           **A.      Background**

8           In Docket Nos. 24 and 25, Mr. Williams asks the Court for leave to file a motion for

9    reconsideration of the Court's order dismissing the unamended claims with prejudice, pursuant to

10   Civil Local Rule 7-9, and to file an amended complaint.  Plaintiff acknowledges that none of the

11   grounds for reconsideration set forth in Rule 7-9 exists but asks the Court to vacate the dismissal

12   nonetheless on the grounds that he lost track of the deadline for filing his amended complaint due

13   to problems with his memory and the fact that he was distracted by an unlawful detainer

14   proceeding against him in California Superior Court.

15          In his proposed First Amended Complaint ("proposed FAC" or "amended complaint"),

16   Plaintiff asserts claims for slander of title, wrongful foreclosure, mortgage debt exoneration,

17   declaratory relief and injunctive relief, all of which were also asserted in his original complaint.

18   His claims for fraud and unfair business practices, which the Court dismissed  in its October 17

19   Order, are not included in his proposed FAC.  Many of the allegations in the amended complaint

20   are identical or substantially the same as those in Plaintiff's original complaint.  Plaintiff has

21   included three new paragraphs, however.

22          First, in the factual background section of the amended complaint, Plaintiff alleges that

23   "[o]n January 14, 2014, acting as agent for defendant JP Morgan/Chase, defendant Quality Loan

24   arranged for and unlawfully sold Plaintiff's property" and that Quality Loan knew that the sale of

25   Plaintiff's home was unlawful and would cause Plaintiff "severe emotional distress as well as

26   great financial loss."  Proposed  FAC ¶ 24.

27          Second, in the slander of title claim, Plaintiff has added the following allegations

28   addressing his alleged pecuniary loss:

United States District Court
Northern District of California

> Pecuniary loss was suffered by Plaintiff as a direct and proximate cause of the wrongful actions of said Defendant as alleged aforesaid, Since Plaintiff could and would have sold his home for a price far in excess of the amount of his mortgage loan. However, because of the wrongful actions of the Defendants, Plaintiff could not sell his home because of the Defendant's filing of the NOD, when Defendant Chase did not possess the beneficial interest required for such a recording.

Proposed FAC ¶ 44(a).[1]

Third, in support of his wrongful foreclosure claim, Plaintiff has added the following allegations:

> Prejudice was suffered by Plaintiff when Defendants Chase and Quality Loan wrongfully refused to cooperate with Plaintiff in a short sale of Plaintiff's home after promising to cooperate in said sale. Plaintiff alleges that had the promise of a short sale been kept Plaintiff would have sold his home for a price in excess of the amount owed on his mortgage because the value of his home had increased substantially since January 2014. Thus as a direct and proximate result of Defendants reneging on their promise, Plaintiff suffered a substantial pecuniary loss.

*Id.* ¶ 52(a).

**B.    Analysis**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The Ninth Circuit has recognized that 'as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind or modify any interlocutory order for cause seen by it to be sufficient." *Wilkins-Jones v. County of Alameda*, Case No. C-08-1485 EMC, 2012 WL 3116025, at * 4 (N.D. Cal., July 31, 2012) (quoting *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, Case No. C-09-00181 DAE–KS,

---

[1] In addition, Plaintiff's proposed FAC refers to a June 22, 2009 NOD rather than an April 2, 2012 NOD in some of the allegations supporting the slander of title claim. *See* Proposed FAC ¶ 36-37 (referring to June 22, 2009 NOD); Complaint ¶¶ 36-37 (referring to April 2, 2012 NOD). Based on the documents provided by Chase in its Request for Judicial Notice in Support of its Motion to Dismiss ("RJN"), it appears that Plaintiff's reference to a June 22, 2009 NOD may be a typographical error and that the NOD that is the subject of the claim was recorded on April 2, 2012, as previously alleged. *See* RJN, Ex. 9 (April 2, 2009 NOD). Whether the NOD at issue was recorded on June 22, 2009 or April 2, 2012, however, the Court reaches the same result.

United States District Court
Northern District of California

1   2011 WL 1230144, at *9 (D. Haw. Mar.28, 2011) (quoting *City of Los Angeles v. Santa Monica*

2   *Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001))).   Further, under Rule 15 of the Federal Rules of

3   Civil Procedure, leave to amend "shall be freely given when justice so requires."  Fed.R.Civ.P.

4   15(a)(2).  Thus, were the Court to find that Plaintiff's proposed FAC cured the deficiencies

5   identified in its October 17, 2014 Order, it might conclude that its earlier dismissal should be

6   vacated and that Plaintiff should be permitted to amend his complaint.  The Court's review of

7   Plaintiff's proposed amended complaint, however, persuades it that amendment is futile, and

8   therefore, that leave to amend should be denied.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th

9   Cir. 1995)("[f]utility of amendment can, by itself, justify the denial of a motion for leave to

10  amend").

11       First,  Plaintiff's new allegations in support of the slander of title claim regarding

12  "pecuniary" loss do not cure the deficiency identified in the Court's October 17 Order.  As the

13  Court explained in that order, California courts require that a plaintiff asserting slander of title

14  establish "direct pecuniary loss" as a result of the publication at issue.  October 17 Order at 7

15  (citing *Ryan v. Editions Ltd. W., Inc.*, No. C-06-4812-PVT, 2007 WL 4577867, at *12 (N.D. Cal.

16  Dec. 27, 2007)).  A "bare allegation" that the allegedly false recordation of documents impaired

17  the vendability of Plaintiff's property is not sufficient.  *Id.*  Although Plaintiff now alleges that he

18  "could and would have sold his home for a price far in excess of the amount of his mortgage loan"

19  but for the recording of the NOD, he alleges no specific facts showing that his ability to sell his

20  home was directly impacted by the NOD.  Therefore, the proposed FAC fails to state a claim for

21  slander of title.

22       Second, Plaintiff's proposed FAC does not remedy the deficiency as to his wrongful

23  foreclosure claim.  In the October 17 Order, the Court explained that a required element of a

24  wrongful foreclosure claim is prejudice and that where, as here, the foreclosure sale has already

25  occurred, a plaintiff must allege that but for the defects in the foreclosure process the foreclosure

26  sale would not have occurred in order to show prejudice.  October 17 Order at 10.  Plaintiff

27  acknowledges that he was in default and does not allege any facts suggesting that the actual owner

28  of the beneficial interest in the property would not have foreclosed.   Nor does his new allegation

United States District Court
Northern District of California

United States District Court
Northern District of California

of prejudice, based on Defendants' failure to cooperate with him in conducting a short sale of his property, remedy this problem.   The wrongful foreclosure claim is based on the allegation that Chase did not own a beneficial interest in Plaintiff's property because the underlying assignment was improper;  the claim is not based on any promise by Chase or Quality Loan Services to facilitate a short sale (though that is the theory underlying Plaintiff's promissory estoppel claim). Thus, any prejudice that arose from the failure to cooperate on the short sale is unrelated to the alleged wrongful foreclosure.

Finally, to the extent Plaintiff's claims fail as to Chase, they also fail as to Quality Loan Services, notwithstanding Plaintiff's added allegation that Quality Loan Services acted as an agent of Chase.

Because Plaintiff has failed to cure the deficiencies identified in the October 17 Order, the Court concludes that amendment is futile and therefore denies Plaintiff's request that the Court vacate its dismissal with prejudice of the unamended claims and permit him to file his proposed FAC.

## III.    THE MOTION TO DISMISS

### A.    Chase's Contentions

In the Motion to Dismiss, Chase argues that the promissory estoppel claim, which is the only claim that survived the Court's review under 28 U.S.C. § 1915, fails to state a claim under Rule 12(b)(6) because: 1) it is barred by the doctrine of *res judicata*; and 2) Plaintiff  has not pled sufficient facts to demonstrate the elements of promissory estoppel claim.  Motion to Dismiss at 1.

In its Motion to Dismiss, Chase relies on the following facts, which are supported by documents submitted with its request for judicial notice:[2]

- Plaintiff was the owner of real property located at 68 Mozden Lane, Pleasant Hill, California, 94523 (the "Subject Property"). (Compl. ¶ 1.)

---

[2] The Court GRANTS Chase's RJN on the basis that all of the documents submitted are copies of official public records or court filings.  *See* Fed. R. Evid. 201(b); *Gamboa v. Trustee Corps*, 2009 WL 656285, at *3 (N.D. Cal., Mar. 12, 2009); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

- Plaintiff obtained a $280,000.00 mortgage loan (the "Subject Loan") from Washington Mutual Bank, FA, ("WaMu"), secured by a Deed of Trust (the "DOT") encumbering the Subject Property and recorded in the Contra Costa recorder's office on April 12, 2005. (RJN Ex. 1.)

- On September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and Assumption Agreement between the FDIC and Chase. (RJN Ex. 2).

- Plaintiff defaulted on his loan obligations, and a Notice of Default (the "First NOD") was recorded on December 26, 2008. (RJN Ex. 3.)

- A Substitution of Trustee was recorded on February 9, 2009, pursuant to which Quality Loan Service Corp. was substituted as trustee under the DOT. (RJN Ex. 4.)

- A Notice of Trustee's Sale was recorded on July 10, 2009. (RJN Ex. 5.)

- On November 17, 2009, Plaintiff filed his first amended complaint ("2009 Lawsuit"), Case No. MSC009-01897, in Contra Costa County Superior Court against Quality Loans Services Corp., Washington Mutual, and JPMorgan Chase, N.A. (RJN Ex. 6.)

- The First NOD was rescinded via a Rescission of Notice of Default, recorded on July 12, 2010. (RJN Ex. 7.)

- On February 2, 2010, the Superior Court of Contra Costa sustained Chase's demurer to the first amended complaint in the 2009 Lawsuit without leave to amend and subsequently dismissed the Complaint with prejudice. (RJN Ex. 8.)

- A second Notice of Default (the "Second NOD") was recorded on April 2, 2012. (RJN Ex. 9.)

- A second Notice of Trustee's Sale was recorded on July 10, 2012. (RJN Ex. 10.)

- A third Notice of Trustee's Sale was recorded on December 3, 2012. (RJN Ex. 11.)

- On December 31, 2012, Plaintiff filed his second lawsuit ("2012 Lawsuit"), Case No. C-12-03031, in Contra Costa County Superior Court against Quality Loan Services Corp. and Chase. (RJN Ex. 12.)

- Plaintiff also filed a Motion for a Preliminary Injunction to prevent the foreclosure of the Subject Property in the 2012 Lawsuit in January 2014. (RJN Ex. 13.) In support of that Motion, he filed a declaration in which he stated "the defendants have not honored its [sic] promise to plaintiff to permit him to sell his home on a short sale which would prevent his home from being foreclosed upon." (RJN Ex. 14.)

6

- On September 5, 2013 the Superior Court of Contra Costa County sustained Chase's demurrer without leave to amend as to the 2012 Complaint. (RJN Ex. 15.)

- A fourth Notice of Trustee's Sale was recorded on December 16, 2013. (RJN Ex. 16.)

- The Subject Property was sold at a trustee's sale, and a Trustee's Deed Upon Sale was recorded on January 28, 2014. (RJN Ex. 17.)

- On March 5, 2014, a Quitclaim Deed pursuant to which Chase transferred title to the property to FNMA was recorded. (RJN Ex. 18.)

Motion to Dismiss at 2-3.

Chase argues that Plaintiff's promissory estoppel claim is barred under the doctrine of *res judicata* based on the two actions Mr. Williams initiated against Chase in state court, the 2009 Lawsuit and the 2012 Lawsuit, both of which were related to the foreclosure and Subject Loan. *Id.* at 4. Chase points out that in both the 2009 Lawsuit and the 2012 Lawsuit, the court sustained Chase's demurrers without leave to amend. *Id.* at 5 (citing RJN, Exs. 8 & 15). According to Chase, "the dismissal of the 2009 and 2012 Lawsuits constitutes a judgment on the merits in favor of Chase on *all* claims arising from the relationship between Plaintiff, Chase, and the Subject Loan, and is *binding on all parties* under the doctrine of *res judicata*." *Id.* (citing *Goddard v. Security Title Ins. & Guarantee Co*., 14 Cal. 2d 47, 51 (1939)).

To the extent Plaintiff's claim for promissory estoppel is based on a different legal theory than the claims asserted in the state court actions, Chase contends the claim is nonetheless barred because it is based on the same primary right as the claims asserted in the earlier actions. *Id.* at 5 (citing *Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co*., 137 Cal. App. 4th 905, 912 (1st Dist. 2006)). Claims based on the same primary right may not be split between multiple lawsuits, Chase contends, and therefore, "'[u]nder this aspect of *res judicata* the prior final judgment on the merits not only settles issues that were not actually litigated but also *every other issue that might have been raised and litigated in the first action*'" *Id.* at 6 (quoting *Mattson v. City of Costa Mesa*, 106 Cal. App. 3d 441, 446 (1980)) (internal citation omitted) (emphasis added by Chase). In the context of foreclosure, this means that "a plaintiff cannot overcome the fact that his claims are based upon the same primary right by pleading different theories of recovery,"

1   Chase asserts.  *Id.*

2        According to Chase, Plaintiff asserted the same four claims in the 2009 Lawsuit and the

3   2012 Lawsuit, both of which were based on the allegation that Chase could not foreclose on his

4   property because it had a duty to modify his loan.  *Id.* at 6-7.  Chase points out that in the 2012

5   Lawsuit, Plaintiff specifically raised in his motion for a preliminary injunction the 2012 short sale

6   upon which his promissory estoppel claim in this case is based.  *Id.* (citing RJN, Ex. 14).  Chase

7   argues that in both of the state court lawsuits, the primary right at issue was "Plaintiff's purported

8   'right' to be free from the foreclosure of his property by Chase."  *Id.* at 7.  This is the same

9   primary right that is asserted in Plaintiff's promissory estoppel claim, Chase contends.  *Id.*

10  Therefore, Chase argues, the promissory estoppel claim should be dismissed without leave to

11  amend.  *Id.*

12       Chase argues that the promissory estoppel claim should also be dismissed because Plaintiff

13  has not sufficiently alleged the elements of that claim.  *Id.* at 7-8.  First, it argues, Plaintiff has not

14  alleged a promise that is "clear and unambiguous" in its terms to the extent he alleges Chase

15  promised to cooperate in a short sale.  *Id.* at 8.  That allegation does not define the scope of

16  Chase's duty, it argues, and further, the attached letter contradicts the allegation by making clear

17  that a short sale might be an option *if* the "parties agreed to a sale price and a few other terms."  *Id.*

18  Chase further contends the detrimental reliance element of promissory estoppel is inadequately

19  alleged.  *Id.*  In particular, while Plaintiff alleges that he retained a broker and found a buyer, he

20  does not allege that Chase agreed to the terms of the sale after he had found a buyer.  *Id.*  Finally,

21  Chase argues that Plaintiff has not adequately alleged resulting damages because Plaintiff merely

22  alleged that Chase did not "'cooperate as promised' by letting him satisfy his loan obligations for

23  less than the total amount owed" but "Plaintiff cannot establish that he was legally entitled to

24  satisfy his loaned obligations for less than the amount of the Subject Loan, or that Chase breached

25  any contract with him."  *Id.*  Therefore, Chase argues, "Plaintiff cannot show that he was

26  damaged as a result of Chase's conduct."  *Id.*

27       **B.    Plaintiff's Contentions**

28           With respect to the *res judicata* argument, Mr. Williams argues that Chase's reliance on

United States District Court
Northern District of California

8

1   *Goddard v. Security Title Ins.*, 14 Cal. 2d 47, 51 (1939) is misplaced because in that case, the

2   court held that the doctrine of *res judicata* does not apply where, in the earlier action, the court

3   "sustained general demurrer without leave to amend and not on the merits." *Id*. at 2.  Plaintiff also

4   rejects Chase's argument that the promissory estoppel claim is based on the same primary right as

5   the 2009 and 2012 Lawsuits. *Id*. at 2-3.  Plaintiff points to the fact that the alleged breach of

6   Chase's promise to cooperate in a short sale did not occur until May 2013, after the complaints in

7   the two state court actions had been filed. *Id*. at 3.

8       **C.      Analysis**

9           **1.   Rule 12(b)(6)**

10          A complaint may be dismissed for failure to state a claim for which relief can be granted

11  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The

12  purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

13  complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a

14  plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil

15  Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short

16  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

17  8(a).   In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes

18  "all allegations of material fact as true and construe[s] them in the light most favorable to the non-

19  moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal

20  may be based on a lack of a cognizable legal theory or on the absence of facts that would support a

21  valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint

22  must "contain either direct or inferential allegations respecting all the material elements necessary

23  to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

24  562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)).

25  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

26  cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

27  U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

28  factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

United States District Court
Northern District of California

9

United States District Court
Northern District of California

### 2.  Whether Promissory Estoppel Claim is Barred by *Res Judicata*

a.  Legal Standard

Judicial proceedings of any state "have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State."  28 U.S.C. § 1738. "When applying *res judicata* to a state court decision, [federal courts] 'give the same preclusive effect to [that] judgment as another court of that State would give,' meaning that we apply *res judicata* as adopted by that state." *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). "Under California law, *res judicata* precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." *Id.* (citing *Mycogen Corp. v. Monsanto Co*., 28 Cal. 4th 888, 123 Cal.Rptr.2d 432, 51 P.3d 297, 301 (Cal. 2002)). Thus, a judgment entered "after the sustaining of a general demurrer on a ground of substance" bars assertion of the same claim in a later lawsuit. *Goddard v. Security Title Insurance & Guarantee Co*., 14 Cal .2d 47, 51-52 (1939).  On the other hand, a demurrer based on technical or procedural defects will not bar a later action asserting the same claim.  *Id.*

California courts apply the "primary right" approach to determine whether claims are the same.  *Id.*  "A plaintiff's primary right is 'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *Id.* (quoting *Fed'n of Hillside & Canyon Ass'ns v. City of L.A*., 126 Cal.App.4th 1180, 24 Cal.Rptr.3d 543, 557 (Cal.Ct.App. 2004)).  In *Crowley v. Katleman*, the California Supreme Court offered the following guidance regarding the primary rights theory:

> The primary right theory is a theory of code pleading that has long been followed in California. It provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. (*McKee v. Dodd* (1908) 152 Cal. 637, 641, 93 P. 854.) The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 543 P.2d 593.) A pleading that states the violation of one primary right in two causes of action contravenes the rule against "splitting" a cause of action.

10

(*Wulfjen v. Dolton* (1944) 24 Cal.2d 891, 894–895, 151 P.2d 846.)

> As far as its content is concerned, the primary right is simply the
> plaintiff's right to be free from the particular injury suffered. (*Slater
> v. Blackwood, supra*, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 543
> P.2d 593.) It must therefore be distinguished from the legal theory
> on which liability for that injury is premised: "Even where there are
> multiple legal theories upon which recovery might be predicated,
> one injury gives rise to only one claim for relief." ( *Ibid.*) The
> primary right must also be distinguished from the remedy sought:
> "The violation of one primary right constitutes a single cause of
> action, though it may entitle the injured party to many forms of
> relief, and the relief is not to be confounded with the cause of action,
> one not being determinative of the other." (*Wulfjen v. Dolton, supra*,
> 24 Cal.2d 891, 895–896, 151 P.2d 846, italics deleted.)

8 Cal. 4th 666, 681-682 (1994).

A claim may be dismissed under the doctrine of *res judicata* on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of res judicata because the district court did not consider any disputed facts).

### b.   Discussion

In the 2009 and 2012 Lawsuits, in which Plaintiff challenged Chase's foreclosure on the same property, California state courts sustained general demurrers. *See* RJN, Exs. 8, 15.  Chase has provided copies of the demurrers, which reflect that the challenges asserted by Chase were on the merits.  *See* Defendant Chase Bank, N.A.'s Supplemental Submission in Support of its Motion to Dismiss, Ex. Ex. A (Demurrer in 2009 Action), Exs. C, D (Demurrer and supplemental brief in support of Demurrer in 2012 Action).  Thus, the question the Court must decide is whether Plaintiff's promissory estoppel claim in this action involves the same primary rights as was at issue in one or both of the previous state court actions.  The Court finds that Plaintiff has asserted this claim on two theories and that while one is barred, the other involves a different primary right and therefore may proceed.

Plaintiff does not dispute that the two state court actions were based on his right to be free from foreclosure by Chase.  Thus, to the extent that Plaintiff asserts his promissory estoppel claim in order to void the foreclosure sale of his home,  *see* Complaint ¶ 73 (asking the Court to "void

11

the foreclosure sale and direct . . .  Defendants to cooperate with Plaintiff's agents to consummate the short sale with the buyer obtained by Plaintiff's broker"),  the Court finds that his promissory estoppel claim is based on the same primary right as was at issue in the state court actions and is barred under the doctrine of *res judicata.*  On the other hand, to the extent Plaintiff asserts the promissory estoppel claim in order to recover the $20,000 allegedly promised if he sold his house in a short sale, *see id.* (asking the Court "to direct Defendant Chase/JP Morgan to pay to Plaintiff the $20,000 promised Plaintiff upon completion of the short sale"), the Court finds that Plaintiff's promissory estoppel claim is based on a different primary right than was at issue in the state court actions.  The injury at issue is not the foreclosure itself but a failure to pay the $20,000 allegedly promised by Chase if Plaintiff was able to arrange for a short sale.  *See Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.*, 29 Cal.App.4th 1828, 1837 (1994) (holding that breach of contract claim in first action did not bar subsequent action asserting claims against for tortious interference that prevented the plaintiff from collecting on the judgment entered in the first action).

Nor does *Callen v. Experian Info. Solutions, Inc.*, 2013 U.S. Dist. LEXIS 94253 (N.D. Cal. July 5, 2013), cited by Chase, support a contrary result.  In that case, the plaintiff asserted that Defendant had wrongfully foreclosed because an underlying assignment of beneficial interest had been falsified and the Notice of Default and the Notice of Trustee's Sale were therefore void. 2013 U.S. Dist. LEXIS 94253 *at* *10-11.   The Court found that the plaintiff's claims for wrongful foreclosure and cancellation of instruments were both based on the same primary right to be free from wrongful foreclosure.  In this case, however, Plaintiff's claim alleges a different harm that is separate from the foreclosure that was challenged in the state court actions.  Therefore, the requirements of *res judicata* are not met as to Plaintiff's promissory estoppel claim, at least to the extent he seeks damages in the amount of $20,000.

### 3.  Whether Plaintiff has Alleged Sufficient Facts in Support of Promissory Estoppel Claim

Chase also argues that the promissory estoppel claim fails because Plaintiff has not alleged facts showing a sufficiently definite promise, detrimental reliance or damages.    The Court concludes that these are issues that are better addressed after a factual record has been developed

in this case.

As the court explained in its October 17 Order, the letter from Chase regarding a possible short sale of Plaintiff's home was conditional upon Chase agreeing to certain terms, but even a conditional promise may be sufficiently definite to support a promissory estoppel claim.  October 17 Order at 15 (citing *Brooksbank v. Private Capital Group, LLC*, No. 13-cv-2667 HRL, 2014 WL 1493939, at *2 (N.D. Cal. April 16, 2014)).  Chase argues that the short sale offer in *Brooksbank* was more definite because in that case "the plaintiff alleged that she 'complied with all of [the lender's] requirements' for a short sale, but her home was nonetheless sold at a trustee's sale" whereas here, "Plaintiff has not alleged that he and Chase agreed upon the sale price or any other terms."  Motion at 8 (citing  *Brooksbank*, 2014 WL 1493939, at *1).  Chase overstates the differences between this case and *Brooksbank*, however.  In particular, while the short sale offer in that case included certain definite terms that were not included in the letter Plaintiff received, such as a promise to pay 5% of the sales proceeds if a short sale occurred, the offer letter also suggested that it might be merely an invitation to discuss alternatives, stating that the plaintiff  "may qualify for a Short Sale" and asking her to "[p]lease contact us at 1–877–776–0006 or sign and return this form to us . . . and we will call you to discuss the program."  2014 WL 1493939, at * 2.  Nonetheless, the court in *Brookstone* rejected the lender's argument that there was no contract, finding instead that this issue would depend on the surrounding facts.  *Id.*

Similarly, as stated in the Court's previous order, Plaintiff's allegation that he retained a broker and lined up a buyer in reliance on what he understood to be a promise by Chase in connection with the short sale, is sufficient to show detrimental reliance, as well as resulting damages, at this early stage of the case.   October 17 Order at 15.  Chase may, of course, revisit this question on summary judgment, when the factual record has been further developed.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motions are DENIED.  Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.  Plaintiff's promissory estoppel claim may proceed to the extent he seeks an award of $20,000 in damages for Chase's alleged failure to cooperate to permit a short sale.  The claim is dismissed, however, to the extent Plaintiff seeks to

United States District Court
Northern District of California

13

void the foreclosure on this basis.

**IT IS SO ORDERED.**

Dated:  April 8, 2015

_____
JOSEPH C. SPERO
United States Magistrate Judge